UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                 Case No. 19-CR-00044

STEVEN M. RADER,

    Defendant.

---

**DEFENDANT'S SENTENCING MEMORANDUM**

---

Defendant Steven M. Rader ("Rader") submits this sentencing memorandum in support of a sentence of probation supervision with the condition of payment of restitution.

**SENTENCING CONSIDERATIONS**

Since *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court held that the Sentencing Guidelines are advisory, not mandatory. *Booker* reinstated the District Court judge's considerable discretion to craft a reasonable sentence, applying the factors set forth in 18 U.S.C. § 3553(a) to individualize the sentence to the particular offender. *See Rita v. United States*, 551 U.S. 338 (2007); *United States v. Wallace*, 458 F.3d 606, 609-10 (7th Cir. 2006).

  **1.**  **18 U.S.C. sec. 3553(a) Factors and Their Application**

Section 3553(a) states what a sentencing judge should consider:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider --

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense by the applicable category of defendant as set forth in the guidelines . . . ;

(5) any pertinent policy statement issued by the Sentencing Commission:

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

A sentence is reasonable if the sentencing court gives meaningful consideration to the sentencing factors enumerated in section 3553(a), including the advisory sentencing guidelines, and arrives at a sentence that is reasonable in light of the statutory factors and the individual circumstances of the defendant. *See United States v. Wachowiak,* 496 F.3d 744, 749-51 (7th Cir. 2007). A sentencing judge is not required, or permitted, to presume

that a sentence within the Guidelines range is the correct sentence, or the presumptive sentence. The *Wachowiak* court stated, in analyzing *Rita*, while the "applicable guideline nudges [the sentencing judge] toward the sentencing range . . . his freedom to impose a reasonable sentence outside the range is <u>unfettered</u>." 496 F.3d at 749. (emphasis added).

Section 3553(a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training, treatment or medical care in the most effective manner. In this case, when these factors are considered, a sentence of probation is most appropriate. However, if the Court deems imprisonment necessary, these factors support a sentence of imprisonment of no more than one year and a day.

**2. The nature and circumstances of the offenses**

Rader was charged with a one count information alleging violations contrary to 26 U.S.C. § 7201, tax evasion by filing a false and fraudulent individual income tax return. On April 2, 2019, at his arraignment and guilty plea hearing, Rader entered a plea of guilty to one count of tax evasion, pursuant to a plea agreement filed with the Court. He was then released on a personal recognizance bond pending his sentencing hearing that is scheduled for June 27, 2019 at 8:30 a.m. As evidenced by the quick resolution of this case, Rader promptly accepted responsibility for his actions and focused diligently on resolving these matters.

Rader started Willie Fun Entertainment LLC ("WFE") in 2012. WFE is a company that rents party equipment for events such as proms, corporate events and weddings. Rader works from home and stores his business equipment in a storage facility. Between

the years 2000 – 2017 Rader held part-time positions in the theater departments of Sussex Hamilton, Greendale and Whitnall High Schools.

Rader acknowledges that he prepared his own income tax returns and improperly co-mingled income and expenses into one bank account. Rather than calculate his actual business expenses, he simply understated his income so he showed no tax obligation. When confronted with an IRS audit, he made the crucial errors that resulted in his prosecution. First, he engaged a tax audit representative (TaxAudit.com) without disclosing to them his understatement of income. Second, Instead of simply admitting the understatement and paying the tax and penalties, he continued to maintain the understated income was accurate.

Rader was caught in a trap of his own making and made the worst possible decision when confronted with the audit. He feared the consequences of admitting he understated his income. In reality, all he then faced was a modest tax obligation and a financial penalty. By foolishly continuing the misrepresentation, he subjected himself to the far greater consequences of this prosecution.

Rader has had a lot of time to reflect on his actions since this prosecution began. He has demonstrated that he fully accepts responsibility for his actions. This whole process has been devastating to him, and he deeply regrets his actions and harm it has caused. He has fully paid his tax obligation to the IRS as reflected in the transmittal attached to this memorandum. In addition he has consented to the inclusion of IRS civil penalties and interest in the restitution order.

    **3.**    **The history and characteristics of the defendant**

4

Rader is thirty-seven years old and has no prior criminal record. He was born in Milwaukee, Wisconsin on April 7, 1982 and grew up in Franklin, Wisconsin. Rader has a strong educational and work history. He is a high school graduate from Whitnall High School and attended the University of Wisconsin – Milwaukee, studying business. He did not complete his college education, dropping out in his junior year, because of work and teaching obligations.

**4.     The guideline range and the kinds of sentences available**

The sentencing guidelines range calculation in the PSR is 10 to 16 months in prison, with a total offense level of 12 and criminal history category of I. Rader respectfully urges that the Court depart from this guideline range, and based on the section 3553 factors set forth in this brief, and impose a sentence of probation with the obligation to pay the remaining restitution called for in the plea agreement.

**5.     A probation sentence is most appropriate and reasonable**

Incarceration is not necessary to protect the public, to deter Rader from future misconduct or to provide him with needed treatment. He is not a threat to the public by remaining in the community. Rader maintains a close relationship to his mother and siblings in the Milwaukee area, and his father, who suffers from dementia, and resides in an assisted living facility. Moreover, no deterrence is necessary in this case, beyond what has already taken place. Payment of the restitution obligation requires Rader to continue operation of his Willie Fun Entertainment. He is the sole proprietor of a respected, moderately successful business. Incarceration would result in the closure of the business and significantly delay the recoupment of the remaining restitution.

Probation supervision costs the taxpayer far, far less than incarceration, and makes the most sense in this case with this particular defendant. His naiveté about the legal system resulted in this prosecution and his conviction of a felony. His acceptance of responsibility and the corrective measures taken demonstrate that further deterrence is not needed. The considerable collateral consequences of this felony conviction provide ample punishment and the loss of his livelihood due to incarceration would serve no societal purpose.

This Court is aware of Supreme Court Justice Anthony Kennedy's 2004 speech to the ABA, in which he called for less imprisonment and more fair, practical and cost-effective sentences. In the Congressional Research Service's Report to the United States Congress of Jan. 22, 2013, entitled The *Federal Prison Population Buildup,* it was noted that according to BOP estimates, the cost of incarcerating a federal prisoner is in excess of $30,000 per year.

A person incarcerated in prison is nonproductive. The taxpayer supports him totally and the prisoner acts as a drain on society and all taxpayers. A person on probation gives back to society. Rader has proven that he is a productive member of society who provides substantial good to the community, in both his entertainment business and his teaching abilities. Probation would allow Rader the opportunity to fulfill his obligations while providing service to the community.

## RECOMMENDATION

For all of these reasons and those stated at the sentencing hearing and contained in the Presentence Report, the defendant Steven Rader respectfully urges the Court to

impose a sentence of probation with the obligation to pay the IRS penalties and interest as restitution.

Dated this 26th day of June, 2019.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

By: *Electronically signed by Patrick J. Knight*

PATRICK J. KNIGHT
State Bar No.: 1003374
pknight@grgblaw.com
Attorneys for Defendant Steven M. Rader

POST OFFICE ADDRESS:

330 East Kilbourn Avenue
Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
*Crim/Rader, Steven/Sentencing/Sent memo 2019-06-26*

7